**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4249**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

DARYL BERNARD CARTER,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.  Terrence W. Boyle,
District Judge.  (5:09-cr-00130-BO-1)

Submitted:  February 17, 2011          Decided:  March 17, 2011

Before KEENAN and WYNN, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Rudolph A. Ashton, III, MCCOTTER, ASHTON & SMITH, P.A., New
Bern, North Carolina, for Appellant.  George E.B. Holding,
United States Attorney, Jennifer P. May-Parker, Kristine L.
Fritz, Assistant United States Attorneys, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Daryl Bernard Carter was found guilty following his jury trial for conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951 (2006) (Count 1); interference with commerce by robbery and aiding and abetting (Counts 2, 4); use and carrying of a firearm in relation to a crime of violence and aiding and abetting, in violation of 18 U.S.C.A. § 924(c) (West Supp. 2010) (Counts 3, 5, 7); armed bank robbery and aiding and abetting (Count 6); and bank robbery (Count 8). He was sentenced to 240 months of imprisonment each for Counts 1, 2, 4, and 8 to be served concurrently; a 292-month term for Count 6 imposed concurrently; a 120-month consecutive term for Count 3; and 300-month consecutive terms each for Counts 5 and 7, for a total sentence of 1012 months of imprisonment.

On appeal, Carter raises four issues: (1) whether the district court erred by failing to advise him of his potential sentence; (2) whether the court erred by refusing to allow defense counsel to recross-examine a witness; (3) whether the district court created the appearance of partiality and prejudice by its extensive questioning of a witness; and (4) whether the district court erred by imposing Carter's three § 924(c) sentences consecutively. For the reasons that follow, we affirm.

Carter's first issue fails because a court's duty to inform a defendant of a potential sentence emanates from Rule 11 of the Federal Rules of Criminal Procedure  See Fed. R. Crim. P. 11(b)(1)(H) (maximum possible sentence); Fed. R. Crim. P. 11(b)(1)(I) (minimum sentence).  Here, Carter did not plead guilty; therefore, Rule 11 is not applicable.

Second, Carter contests the district court's decision denying his request to recross-examine a bank teller.  We conclude that the redirect examination revealed no new issues requiring an opportunity for recross-examination.  See United States v. Fleschner, 98 F.3d 155, 158 (4th Cir. 1996). Therefore, we find no abuse of discretion in the district court's ruling.  See United States v. Smith, 451 F.3d 209, 220 (4th Cir. 2006); United States v. Scheetz, 293 F.3d 175, 184 (4th Cir. 2002).

Next, Carter contends that the district judge's extensive questioning of accomplice Kendrick Tanner created the impression that the judge was partial against him.  Carter alleges prejudice from this conduct and argues that he is entitled to a new trial, framing the issue as one of judicial misconduct.  See United States v. Villarini, 238 F.3d 530, 536 (4th Cir. 2001) (providing an abuse of discretion standard of appellate review).  As Carter concedes, however, he failed to object to the judge's extensive questioning at trial.  Thus, we

only review this claim for plain error. See United States v. Godwin, 272 F.3d 659, 678 (4th Cir. 2001) 679-81 (declining to find plain error despite judge's substantial prejudicial comments, questions, and cross-examination). Although the district court's questioning of Tanner was substantial, we find no prejudice. We find that Carter has failed to meet the demanding burden of showing plain error on appeal.

Finally, Carter contests his three consecutive § 924(c) sentences asking whether our decision on the matter in United States v. Studifin, 240 F.3d 415, 423-24 (4th Cir. 2001), is still applicable. See id. (concluding that the 1998 amendments to the Sentencing Guidelines were not intended to narrow the scope of § 924(c)'s mandatory consecutive sentencing scheme). As noted in the Government's Fed. R. App. P. 28(j) filing, however, the Supreme Court recently has affirmed this Court's statutory interpretation on the matter. See Abbott v. United States, 131 S. Ct. 18, 23 (2010) (holding that a defendant is subject to a mandatory consecutive sentence under § 924(c); a defendant is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction, unless another statute imposes an even greater mandatory minimum sentence for an offense that embodies all the elements of § 924(c)). Thus, this claim fails.

Accordingly, we affirm Carter's convictions and sentences. We dispense with oral argument as the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED